UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-494-KSF

KIMBERLY SUSAN RACE                                           PLAINTIFF

v.                          **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                               DEFENDANT

* * * * * * * * * *

The claimant, Kimberly Susan Race, brought this action pursuant to 42 U.S.C. § 405(g) to

obtain judicial review of an administrative decision of the Commissioner of Social Security denying

her claim for Supplemental Security Income ("SSI") based on disability.  The Court, having

reviewed the record, will reverse the Commissioner's decision because it was not supported by

substantial evidence.

## I.    OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security

Act, the regulations provide a five-step sequential process which the administrative law judge must

follow.  20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525,

529 (6th Cir. 1997).  The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not
disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must
be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from
a severe impairment that has lasted or is expected to last for a continuous period of
at least twelve months, and her impairment meets or equals a listed impairment, the
claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)     Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.*   The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).  If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if she could perform other work.  If not, she would be deemed disabled. 20 C.F.R. 404.1520(f).  Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her v. Commissioner of Social Security*, 203 F. 3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).  Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review,

resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.    THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on December 18, 2007, and issued her opinion denying Race's application for SSI benefits on March 28, 2008. At the time of the ALJ's decision, Race was 45-years-old. Race claims disability due to leg and knee pain and asthma.

Race has a long history of treatment for knee pain and breathing problems. She has undergone multiple knee surgeries and has been diagnosed with bilateral knee arthritis. On December 2, 2005, she was admitted to Harrison Memorial Hospital for knee pain and falling. [TR 569].

Dr. Julian Castillo is Race's long-time treating physician and has treated Race numerous times for breathing problems and knee pain. His treatment notes have consistently shown that Race has COPD, breathing problems and problems passing out. Dr. Castillo treated Race on multiple occasions in October, November, and December of 2005 and during the first few months of 2006 for COPD, headaches, passing out, knee pain, coughing and breathing difficulties. He admitted her to Harrison Memorial Hospital on April 12, 2006, for coughing, passing out, lack of energy and disorientation. [TR 596-99]. After her discharge, on April 24, 2006, Dr. Castillo noted her hypertension, COPD and diabetes.

On May 8, 2006 and June 30, 2006, Dr. Castillo noted Race's COPD and persistent cough

and that her legs were swollen and that she complained of them hurting.  On July 22, 2006, Dr. Castillo noted Race's asthma and coughing and that she passed out several times.  He saw her several times in September 2006 and admitted her to Harrison Memorial Hospital for chest pain on September 27, 2006.  Dr. Castillo completed an RFC evaluation on September 20, 2006, limiting her to lifting 5 pounds occasionally.  He found that her standing/walking was limited to 1 hour and 20 minutes with interruption every 10 minutes in an 8-hour day.  He limited her to sitting 2 ½ hours with 30 minute interruptions in an 8-hour day.  He found that she should not climb, balance, stoop, crouch, kneel or crawl.  She was restricted in reaching, handling, feeling and pushing/pulling.  She was to avoid heights, moving machinery, temperature extremes, chemicals, dust, fumes, humidity and vibration.

Dr. Castillo saw Race in October and November 2006 for shortness of breath and asthma and again in April and May of 2007 for the same conditions.  On December 2, 2007, Dr. Castillo examined Race and completed a Physical Capacities Evaluation.  He noted that Race was limited to sitting 1 hour in an 8-hour day with interruptions every 15 minutes and could stand and walk less than 1 hour in an 8-hour day and needed to change positions every 10 minutes when standing.  He found that Race needed a sit/stand option and limited her to lifting and carrying less than 10 pounds and noted that she lacked bilateral manual dexterity and had trouble using her feet with foot controls. He found that she must avoid bending, squatting, crawling, climbing, reaching above her head, stooping and kneeling.  She has complete environmental restrictions listed on the assessment.  Dr. Castillo also noted that her work attendance would be unreliable due to her impairments as she needs to interrupt any work routine as needed.

Dr. Castillo referred Race to Dr. Amy Mashburn of Community Allergy and Asthma in

January, 2006.  The tests at Community Allergy and Asthma established multiple environmental restrictions.  Dr. Mashburn completed a Pulmonary Function Study and found moderately severe restrictions.  In November, 2007, Dr. Mashburn noted that Race was having shortness of breath with activity and chronic cough, wheezed throughout and had an irregular heartbeat.  On November 26, 2007, Dr. Mashburn found chronic shortness of breath with any activity and her respiratory condition was Stage 3-Severe.

At the request of the DDS, Race was evaluated by Harwell F. Smith, Ph.D.  He rated her ability to tolerate stress as fair, her ability to show sustained concentration and persistence of pace as fair, her ability to interact socially at work as fair and her ability to respond to day-to-day work pressures as fair to good.  Dr. Bradley Davis also evaluated Race at the request of the ALJ.  There is evidence that Dr. Davis did not have medical records when he made his determinations.  Dr. Davis completed a medical source statement and determined that Race could occasionally lift and carry 51-100 pounds, frequently lift and carry 21-50 pounds and continuously lift and carry up to 20 pounds.  He also found that Race could sit for a total of 8 hours in an 8-hour day, stand and walk for a total of 6 to 8 hours and that she could be exposed to occasional humidity, wetness, dust, odors, fumes, pulmonary irritants and extreme cold.

Two state agency physicians conducted a records review of Race's evidence and claims.  They determined that Race could lift and carry 25 pounds and occasionally lift and carry 50 pounds.  The physicians also found that Race could sit, stand and/or walk for 6 hours in an 8-hour day and limited Race to occasional climbing, kneeling, crouching and crawling with frequent balancing and stooping.  The physicians limited Race from exposure to extreme cold and heat with moderate limitations to exposure to fumes, odors, gases, dust and hazardous machinery.

Race was also seen for mental impairments.  She was seen on November 1, 2006, at Bluegrass Comprehensive Care for Acute Depressive Disorder.  Dr. Muhammad Ashfaq conducted an initial psychiatric evaluation and noted adjustment disorder with depressed mood, mood disorder secondary to general medical condition and GAF of 55.  She was also seen on December 3 and 7, 2007, and January 22 and 28, 2008.  Her Wellbutrin was continued and Dr. Ashtaq added Citalopram to her regimen.

The ALJ began her analysis at step one by determining that Race has not engaged in any substantial gainful activity since her alleged onset date of August 15, 2005.  At step two, the ALJ found that Race suffers from the following impairments determined to be severe as combined: osteoarthritis of the knees status post surgery; chronic obstructive pulmonary disease with history of asthma; obesity and a mood disorder; however, the ALJ determined that these impairments or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found that Race's alleged impairments of diabetes mellitus, migraine headaches, GERD and obstructive sleep apnea were not severe.  The ALJ found that although Race's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Race's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible based on the objective medical evidence and other evidence. The ALJ found that Race maintained the residual functional capacity ("RFC") to perform a limited range of sedentary work.  The ALJ found that Race can lift and carry 10 pounds occasionally but cannot be exposed to respiratory irritants and requires a low-stress work environment.  At step four, the ALJ determined that Race is not capable of performing her past relevant work as a stocker, customer service representative, fast food manager, fast food cashier,

vendor or quality inspector. At the fifth and final step, taking into consideration Race's age, education, work experience and RFC and relying on the testimony of the Vocational Expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant could perform. Specifically, the ALJ found that Race can perform the jobs of order clerk, inspector/checker and bench assembly. As a result, the ALJ determined that Race is not disabled.

The ALJ's decision that Race is not disabled became the final decision of the Commissioner when the Appeals Council subsequently denied her request for review on October 17, 2008. This case is now ripe for review under 42 U.S.C. § 405(g), 1383(c)(3).

## III.   ANALYSIS

On appeal, Race argues that the ALJ's decision was not based on substantial evidence and failed to apply the proper legal standards for several reasons. First, Race argues that the ALJ erred at step two of the analysis by failing to include her diabetes mellitus, migraine headaches, GERD and obstructive sleep apnea in her finding of severe impairments. However, once the ALJ has determined that the claimant has one severe impairment, "the Secretary must continue with the remaining steps in his disability evaluation . . . ." *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). In other words, once a severe impairment is found at step two, the ALJ is obligated to proceed to step three, and the specific impairments listed in the step two finding are irrelevant. Here, the ALJ found that the following impairments were severe: osteoarthritis of the knees status post surgery; chronic obstructive pulmonary disease with history of asthma; obesity and a mood disorder. Thus, the failure to include diabetes mellitus, migraine headaches, GERD and obstructive sleep apnea in the list of Race's severe impairments at step two

7

does not amount to a reversible error.

Second, at step three, Race argues the ALJ erred by not giving controlling weight to the opinions of her treating physician, Dr. Castillo. It is well established that the findings and opinions of treating physicians are entitled to substantial weight.  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 530-31 (6th Cir. 1997); *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference").  Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor.  *Harris*, 756 F.2d at 435.  If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight.  20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ."  20 C.F.R. § 404.1527(d)(2).  Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the

opinion's supportability by evidence and its consistency with the record as a whole.  20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).  In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."  20 C.F.R. § 404.1527(d)(5).

The Court finds that the ALJ erred by failing to give controlling weight to the opinions of Race's treating physician, Dr. Castillo, and by not providing sufficient reasons for doing so.  Other than the opinions from one-time consultative physicians, and the state agency physicians who simply reviewed Race's medical record, nothing in the medical record contradicts Dr. Castillo's restrictions. In fact, Race's own medical records, with multiple knee surgeries and numerous treatments for breathing problems and asthma, provide abundant objective findings for the treating physician's restrictions.  Dr. Castillo had a significant, physician-patient relationship with Race relevant to her alleged disability resulting from knee problems.  Further, treatment notes of Dr. Mashburn support Dr. Castillo's opinions regarding environmental restrictions.  Dr. Mashburn also had a long-term physician-patient relationship with Race and is a specialist in the field relevant to Race's alleged disability due to asthma and breathing problems.  Certainly these opinions are entitled to great weight.  By failing to consider the factors listed in 20 C.F.R. § 404.1527(d) to determine the weight to be given to Dr. Castillo's opinions, the ALJ's rejection of this treating physician's assessment of Race's functional capacity is not supported by substantial evidence.

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 174 (6th Cir. 1994)(citing 42 U.S.C. § 405(g). Under sentence four of 42 U.S.C. 405(g), this Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where, as in this case, there is insufficient support for the ALJ's findings, the appropriate remedy is reversal and a sentence-four remand for further consideration. *See Faucher*, 17 F.3d at 174.

## IV.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     the plaintiff's motion for summary judgment [DE # 9] is **GRANTED IN PART** to the extent that this matter is remanded to the Commissioner for further proceedings and **DENIED IN PART** to the extent that plaintiff seeks an award of benefits;

(2)     the Commissioner's motion for summary judgment [DE # 12] is **DENIED**;

(3)     the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion & Order; and

(4)     a judgment will be entered contemporaneously with this Opinion & Order.

This 30th day of September, 2009.



**Signed By:**

**_Karl S. Forester_**  KSF

**United States Senior Judge**